Jewell v. The Town of Sullivan.

Filed Sept 14, 1892.

---

No. 618.

## JEWELL v. THE TOWN OF SULLIVAN.

MUNICIPAL CORPORATION.—*Action Against for Personal Injuries.—Defective Sidewalk.—Answers to Interrogatories. — General Verdict.*—The plaintiff brought suit against a town for personal injuries occasioned by a hole in a culvert.  She alleged in her complaint that the sidewalk had been defective for more than two weeks prior to the accident, and that the defendant had knowledge thereof.  A general verdict was returned for the plaintiff, but the jury, in answer to interrogatories submitted to them, found that the hole complained of had only existed about four hours before the accident occurred, and that the only officer of the town who had knowledge of its existence was the town trustee, and that he only knew of it two hours before the accident.

*Held*, that it was error to allow judgment in favor of the defendant upon the interrogatories, as the town authorities may have been guilty of negligence notwithstanding the answers to interrogatories.

*Held*, also, that while ordinarily it would be the proper practice to order judgment in favor of the plaintiff upon the general verdict, yet, in view of the absence of the evidence from the record, and the improbability of the defendant's negligence, the case should be retried.

BLACK, J., dissents, holding that judgment should be entered in favor of the plaintiff upon the general verdict.

From the Sullivan Circuit Court.

*W. C. Hultz, W. C. Barrett, O. B. Harris* and *W. S. Maple,* for appellant.

*G. W. Buff* and *J. S. Bays,* for appellee.

CRUMPACKER, J.—Sarah E. Jewell sued the town of Sullivan for damages resulting from a personal injury received by her on account of an alleged defective sidewalk in said town.

The complaint states, in substance, that the town negligently suffered a wooden culvert, forming part of a public sidewalk, to become and remain out of repair, on the 18th day of May, 1889, and for the period of two weeks before that date; that on said day there was a dangerous hole in said culvert, of which the town had due notice, but "then and there unlawfully and negligently failed and neglected to improve and repair it," and negligently allowed said hole to remain open and exposed without barriers or signals to warn travellers on said street; that plaintiff, while lawfully travelling upon said walk, after nightfall of said day, accidentally stepped into said hole, and one of her limbs was wrenched and sprained, so that it was permanently disabled; that said injury was caused without any fault upon the part of the plaintiff.

The cause was put at issue and tried by a jury, and resulted in a verdict for the plaintiff for $1,000.

With the general verdict the jury returned answers to a

series of interrogatories, which had been duly submitted to them, as follows:

" 1. If you should find that the plaintiff received an injury in the town of Sullivan, on the evening of the 18th day of May, 1889, state where it was received? Ans. At the crossing east of W. G. Bordus' store.

" 2. In what manner did the plaintiff receive her injuries? Ans. By falling in a hole in said crossing east of W. G. Bordus' store.

" 3. If you answer that the plaintiff was injured by stepping in a hole in said crossing, state at what time in the day or evening she received said injury? Ans. At about nine o'clock P. M.

" 4. If you find that the plaintiff was injured by stepping in a hole in said crossing in said town, state what was the size and shape of the hole at the time plaintiff received her alleged injury? Ans. About five inches wide at the wide end, and tapering to a point at the other end, and about four feet long.

" 5. If you find that there was a hole in the crossing where plaintiff claims to have been injured, state what caused or made said hole in which plaintiff claims to have stepped? Ans. By a cow stepping on the plank and splitting off said piece.

" 6. When was said hole, mentioned in interrogatory number five, made in said crossing? give day of month, day of week, and time of day or evening it was made. Ans. On the 18th day of May, 1889, on Saturday evening, about six o'clock.

" 7. Did any one of the officers of said town have knowledge of the hole in said crossing, after the same had been made, and before said plaintiff received her alleged injury? Ans. Yes.

" 8. If you answer yes, give the name of the office he held. Ans. Town trustee.

" 9. If you answer that any officer of said town had any

knowledge of said hole, when did he obtain said knowledge ? Give day, and length of time before the injury occurred, and name the officer and office he held. Ans. On Saturday evening, about 7 o'clock P. M., and about two hours before the injury occurred ; W. G. Bordus, town trustee.

" 10. Did any other officer of said town have any knowledge of said hole or opening in said crossing through which plaintiff claims to have received her injury, before she received the same ? Ans. No.

" 11. If you answer yes, give the name of the officer and the length of time he had such knowledge. (No answer.)

" 12. Did William G. Bordus place any stick or guard in the hole where plaintiff claims to have received her injury, and if so, at what time in the day was it, and describe the length and size of such stick, and how far above the surface of the crossing did it project? Ans. Yes, at about seven o'clock P. M.; about $2\frac{1}{2}$ by $1\frac{1}{2}$ inches, tapering to a point, about four feet long; about $2\frac{1}{2}$ feet above the surface of the crossing."

The court sustained the defendant's motion for judgment in its favor upon the special findings notwithstanding the general verdict, and this ruling of the court is the only one brought in review by the appeal.

A municipal corporation does not insure the safety of its public thoroughfares, but it is required to be reasonably watchful and energetic in maintaining them in a safe condition for travel. Reasonable care measures its duty in that regard, and it is liable for the damages which may result in consequence of its failure to perform such duty.

Special findings of a jury will control a general verdict only when there is an irreconcilable repugnance between them upon a material issue. In this case, if the appellant could have recovered under any proof that could have been made within the issues, notwithstanding the answers to the interrogatories, the court committed an error in awarding judgment, otherwise the ruling of the court must be upheld.

It seems to be settled in this State that notice to a member of the common council of a city or the board of trustees of a town, of the defective condition of a street or sidewalk, is notice to the town or city. *City of Logansport* v. *Justice,* 74 Ind. 378 ; *City of Columbus* v. *Strassner,* 124 Ind. 482.

A municipal corporation is entitled to a reasonable time after notice of a defect in a street or sidewalk in which to put it in repair, before being chargeable with negligence, but what is a reasonable time must depend mainly upon the facts and circumstances surrounding each particular case. The character of the defect, the expense of repairing it, the facilities for making the repair, the probable danger to life and limb, and other considerations may affect this question.

The complaint in the case before us charges that the side-walk had been defective and dangerous for two weeks before the injury, but the particular hole that caused the injury was made only a short time before it happened. It might have been proved under the issues that the walk at that point was badly out of repair for two weeks before the injury, and that cows and other animals were driven across it every morning and evening, and its condition was such that dangerous holes were liable to be made in it at any time by such use, and that the officers of the town had full knowledge of such facts during all of said time, but took no steps to correct the defects.

It might also have been shown that the hole in the walk was peculiarly dangerous owing to its condition and location ; that it was at a point upon a street which was much used by the public ; that the trustee who knew of the particular defect, by ordinance or otherwise, had authority to employ laborers to repair walks, and that the particular defect could have been remedied with but little trouble or expense, or that the street commissioner was at hand provided with tools and materials, and could have made the repair at once had the trustee directed him so to do. These facts could have been established consistently with the spe-

cial findings, and we can not say, as a matter of law, that they were not sufficient to warrant the inference of negligence. It was error to allow judgment upon the interrogatories. Counsel for appellee ask us to direct a new trial of the cause in the event of a reversal of the judgment. The evidence is not in the record, and ordinarily it would be the proper practice to order judgment in favor of the appellant upon the general verdict, but the hypotheses by which the general verdict is upheld are so unusual and remotely probable in fact, that we are constrained to accede to the request and order the cause to be retried.

The judgment is reversed, therefore, with instructions to the trial court to grant a new trial, provided a motion therefor be made within ninety days, otherwise to enter judgment in favor of appellant upon the verdict.

## DISSENTING OPINION.

BLACK, J.—I am of the opinion that judgment should be directed in favor of the appellant upon the general verdict. Therefore I dissent from the conclusion reached by the majority.

Filed Sept. 16, 1892.