Filed March 31, 1885.

---

No. 10,981.

LUDLOW ET AL. *v.* THE MARION TOWNSHIP GRAVEL ROAD COMPANY ET AL.

FORMER ADJUDICATION.—*Pleading.*—*Practice.*—*Uncertainty.*—In pleading a former adjudication, it is material to set out with certainty the date on which the judgment was given and the court in which it was rendered; but if the date is left blank, or is otherwise uncertain, the remedy is by motion to make the pleading more specific, and not by demurrer.

SAME.—*Identity of Causes of Action.*—Where an answer of former adjudication, taking it as a whole and considering its scope, shows that the mat-

Ludlow *et al. v.* The Marion Township Gravel Road Company *et al.*

ter in controversy in the former and present actions is the same, it is, in that respect, sufficient on demurrer.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellants.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellees.

MITCHELL, J.—The only question presented in this record relates to the ruling of the court on the second paragraph of the appellants' answer.

The action was brought to enjoin the Marion Township Gravel Road Company from collecting an assessment of benefits which had theretofore been made on the lands of the appellants.

It was alleged that the viewers appointed to make the appraisement did not assess all the lands lying within one and one-half miles of the road, and that the assessment was not made upon an actual view and examination of the lands, but from a map or plat, on which the lands were designated as belonging to the several owners; that they did not enter upon the land and view and inspect it for the purpose of determining the benefits, etc.

To this complaint the defendants answered, in substance, that on the — day of ——, 18—, a judgment was recovered by the Marion Township Gravel Road Company in the circuit court of Shelby county against the plaintiffs Stephen D. Ludlow and Samuel Montgomery, Sr., the deceased ancestor, under whom the other plaintiffs claim title to certain lands in plaintiffs' complaint mentioned, in a certain cause then pending, in which Stephen D. Ludlow and Samuel Montgomery, Sr., were plaintiffs, and the Marion Township Gravel Road Company was defendant, in which the identical facts here in dispute were adjudicated adversely to the plaintiffs below.

The objections which are made to this answer are: 1. That the date of the judgment in which the matters here involved

are alleged to have been adjudicated is uncertain; and, 2. That the averment in the answer, that the adjudication was had with reference to " certain lands mentioned in the complaint," was not an averment that the adjudication covered the assessments involved in this complaint.

The practice of leaving blank dates in pleadings ought to be corrected by the rigorous interposition of the trial courts, but it is nevertheless not a ground for demurrer.

While it is true that in pleading a former adjudication it is material to set out, among other things, the date on which the judgment was given with certainty, and the court in which it was rendered, yet, if the date given, or attempted to be given, is uncertain, the remedy is by motion to make the pleading more specific by supplying a certain date. *Baugh* v. *Boles*, 66 Ind. 376.

With respect to the second objection made, all we need say is, that taking the whole answer, and considering its scope,. we think it fairly appears that the lands described in the complaint, and the assessments thereon, are the same concerning which the former adjudication was had.

Judgment affirmed, with costs.

Filed March 13, 1885; petition for a rehearing overruled June 10, 1885.