Filed Jan. 9, 1892.

---

No. 320.

## SLUYTER v. THE UNION CENTRAL LIFE INSURANCE COMPANY.

PLEADING.—*Complaint.—Motion to Make More Certain.*—If a complaint is not sufficiently explicit in statement, the defendant's remedy is by a motion to make more certain, and not by demurrer.

PRACTICE.—*Sustaining Demurrer to Good Special Answer.— When Harmless Error.*—Sustaining a demurrer to a good special answer is not an available error where the facts pleaded are admissible under the general denial already in; and the subsequent withdrawal of the general denial will not render the ruling erroneous.

From the White Circuit Court.

*E. B. Sellers* and *W. E. Uhl,* for appellant.

*C. E. Barrett,* for appellee.

ROBINSON, C. J.—The appellee commenced this action against the appellant and James W. Price to recover upon a bond executed by them to indemnify appellee against loss by reason of a certain ditch assessment against land the appellee was about to place a loan upon. The bond reads as follows, viz.: " We, James W. Price and Abram Sluyter, acknowledge ourselves indebted to the Union Central Life Insurance Company of Cincinnati, Ohio, in the sum of five hundred dollars, to be collected without relief from valuation or appraisement laws of the State of Indiana.

The conditions of the above obligation are as follows: that whereas, said James W. Price has obtained a mortgage loan from said life insurance company; and whereas, on the lands

Sluyter *v.* The Union Central Life Insurance Company.

mortgaged there is now due, as shown by the records, the sum of $446.60, ditch tax. Now, if the said James W. Price shall pay all of said ditch tax, and save said company whole from the payment of all or any part thereof, then this bond shall be void; otherwise to remain in full force and effect in law.

"Witness our hands this March 21st, 1884.

"Signed,          JAMES W. PRICE.<br>ABRAM SLUYTER."

The material allegations contained in the complaint were that the defendant James W. Price was the owner of certain lands in White county, Indiana, therein described, against which there were liens for ditch assessments on account of the Columbia E. Logan Ditch, established by the board of commissioners of said county, as shown by the records of said county ; that said James W. Price was desirous of obtaining from the plaintiff a loan of two thousand dollars, to be secured by mortgage upon said lands, executed by said James W. Price and his wife ; that, for the purpose of inducing plaintiff to make said loan and accept said mortgage, the defendants executed to the plaintiff their written obligation for the sum of five hundred dollars, upon condition that, if said James W. Price should pay all of said ditch assessments, and save plaintiff from the payment of all or any part thereof, then said obligation should be void (a copy of said obligation was filed with and made a part of the complaint) ; that in consideration of the execution of said obligation by the defendants, plaintiff, on said 21st day of March, 1884, made said loan of money to said James W. Price, and accepted said mortgage on said lands, without first requiring said ditch assessments to be paid and cancelled ; that afterwards said James W. Price made default in the payment of said loan and the interest thereon, and plaintiff was compelled to bring an action to foreclose said mortgage, by which action plaintiff obtained judgment in said court May 25th, 1888, for the sum of $2,336.54, and costs, and an order for the sale of said

lands to pay said sum; that one William V. White was made a defendant to said action to foreclose plaintiff's mortgage, and at the trial of said action set up a claim for a large sum of money paid by him at a sale of said land by the auditor and treasurer of said county, to pay said ditch taxes mentioned in defendant's obligation, which claim was sustained by judgment of said court, and decree was entered in favor of said William V. White for the sum of $560 on account of said sale and on account of said ditch assessments, which said court declared to be a lien upon said lands senior and paramount to the lien of plaintiff's mortgage, and the decree of sale entered in favor of plaintiff was subject to all claims of said William V. White; that said James W. Price, although notified of the claims of said White, wholly failed and refused to pay the same, and failed and refused to appear and defend against the same in said court, notwithstanding he was many times requested so to do, and said plaintiff was finally compelled to pay to said White, on account of said ditch assessment, a large sum of money, to wit, $550, which plaintiff had demanded of said James W. Price, which he had failed and refused to pay; and that demand had been made upon both defendants for the sum of money named in their obligation sued on, which they failed and refused to pay. Demand for judgment, etc.

James W. Price was not in court; he was not served with process, and did not appear to the action, and as to him the cause was dismissed.

The appellant demurred to the complaint for want of facts, which was overruled and exception taken.

The appellant then answered in three paragraphs: *First.* General denial. *Second.* That the instrument sued on was without consideration. *Third.* Admitting the execution of the instrument sued on, alleging the suretyship of the appellant, and that the ditch tax mentioned in the complaint was, at the time of the payment thereof by the appellee as averred in the complaint, only an apparent lien against the

lands in said complaint described; that long before the fore-closure suit, mentioned in said complaint, wherein said ditch assessment was adjudged to be a lien on said land, was tried and determined, and after the execution of said bond, all of the ditch allotted to said land was constructed and completed by the then owners of said land, and by others for them, and accepted by the board of commissioners of White county, Indiana, and the said real estate was discharged of all liens on account of said ditch or any tax or assessment therefor; that the appellant was not a party to said suit and never had any notice or knowledge of the same.

The appellee demurred to the third paragraph of the answer, which was sustained and exception taken. After the court sustained the demurrer to the third paragraph of the answer the appellant withdrew the first and second paragraphs of his answer, and refused to plead further; and thereupon the cause was tried by the court, resulting in a finding and judgment for the appellee.

Under the assignment of errors, it is alleged that the court erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the third paragraph of the appellant's answer.

The only objection made by the appellant to the complaint is, that it does not show any valid ditch liens against the lands mortgaged; that the complaint deals in legal conclusions instead of facts. This statement is so general in its character as to constitute no objection to the sufficiency of the complaint. No objection is pointed out, and on this account this assignment of error may be considered waived. If the appellant desired a more explicit statement of the facts his remedy was by motion, and not by demurrer; and, if the court refused to require the appellee to make the complaint more specific, such ruling should have been presented to this court by proper bill of exceptions.

The complaint was sufficient to withstand a demurrer, and under its averments there was a cause of action stated

against the appellant. In fact, the complaint was skilfully drawn, and contained every allegation necessary to constitute a cause of action in favor of the appellee and against the appellant. The court committed no error in overruling the demurrer to the complaint.

As before stated, after the ruling of the court in sustaining the demurrer to the third paragraph of the answer, the appellant withdrew the first and second paragraphs of his answer, refused to plead further, and judgment was rendered in favor of the appellee.

In considering the ruling of the court upon this answer, it must be understood that when the court made its ruling the general denial had not been withdrawn, and that in the ruling the court had in view all the pleadings filed in the cause. The situation must appear as it was at the time the court ruled. A different rule would not be fair to the trial court.

Where a pleading has been withdrawn after the ruling has been made, the fact of the withdrawal of the pleading should not be allowed in any way to affect the ruling. Therefore, if, at the time the ruling was made, a general denial had been filed, and was a part of the pleadings in the cause, sustaining a demurrer to a special answer, because the facts specially pleaded could be given in evidence under the general denial, could not be made erroneous by the withdrawal of the general denial.

The averments in this answer could have been proven under the general denial. It was incumbent upon the appellee to prove payment of the lien mentioned in the obligation in order to recover, and under the general denial appellant could have shown the lien had been paid by him as surety on the bond, by the principal or by others, by the procurement of the principal on the bond or by the procurement of the appellant. Besides, the answer did not state facts sufficient to constitute a defence to the action. No attack is made upon the written instrument sued on, in which it was agreed

that at the time of its execution there was due on the lands mortgaged, as shown by the records, the sum of $446.60 ditch tax.   There is no denial in the answer of the payment of the ditch tax by the appellee, but the answer says when paid that it was only an " apparent lien " against the lands described in the complaint.   It was not competent to prove this statement under the stipulation in the bond that the ditch tax was a lien on the land.   The charge that the ditch tax was only an " apparent lien " did not present such an issue as to have admitted parol evidence to explain, vary or qualify the written instrument.   The answer also alleges " That long before the foreclosure suit mentioned in said complaint, wherein said ditch assessment was adjudged to be a lien on said land, was tried and determined, and after the execution of said bond, the ditch allotted to said land was constructed and completed by the then owners of said land, and by others for them, and accepted by the board of commissioners of White county, Indiana, and said real estate was discharged of all liens on account of said ditch or any tax or assessment therefor."

This is not sufficient to constitute a charge that the appellant, or the principal in the bond, paid, or caused to be paid, or in any way discharged, said lien.

The answer does not show by whom, or at whose expense, the work was done, or who paid for it, but says that it was done by the then owner and others for them.   It is not shown whether it was the owners under the mortgage before foreclosure, or whether it was the owners under the sheriff's sale made upon the decree of foreclosure, that paid said lien, or caused it to be discharged ; nor is it shown when the lien was paid or discharged, except it was stated that it was after the execution of the bond, and the bond was dated in 1884.

If the principal in the bond had either worked out or paid the tax lien, or procured it to be done, or that the tax lien had been paid or discharged before the appellee was required

to do so to protect the mortgage, such facts should have been stated in the answer.

The answer carefully avoids alleging any facts that show a discharge of the terms of the bond sued on.   The fact that the appellant was not made a party to the foreclosure proceedings makes no difference ; he was neither a necessary nor proper party to the foreclosure case.

The court ruled correctly in sustaining the demurrer to this answer.

Judgment is affirmed, with costs.

Filed Jan. 8, 1892.