Filed June 23, 1893.

------◇------

No. 925.

TOWN OF NAPPANEE *v.* RUCKMAN.

PLEADING.—*Sufficiency of.*—*Damages.*—*Personal Injury.*—*Defective Sidewalk.*—*Place of Occurrence.*—In an action for damages because of injury sustained by reason of a defective sidewalk, the averment in the complaint that plaintiff was walking "along the sidewalk" is equivalent to the statement that plaintiff was walking "on the sidewalk" when the injury occurred. And the averment that the in-

jury occurred on the north side of lot No. 370, etc., is a sufficient designation of the place of the occurrence.

SAME.—*Indefiniteness.*—*Motion.*—*Demurrer.*—*Practice.*—Objection to a pleading on the ground of indefiniteness can not be taken by demurrer for want of facts to constitute a cause of action, but must be reached, if at all, by motion to make more specific.

SAME.—*Negligence.*—*Sufficiency of Complaint.*—*Negligence of Third Parties Contributing to Injury.*—Where one, in company with others, is injured while walking along a sidewalk, it is unnecessary, in an action for damages, to aver that those who were with plaintiff on the walk when the injury occurred were likewise free from contributory negligence; for if the party himself is free from fault, the negligent defendant will be liable, although the negligence of some third person may have contributed to the injury, except where such third person was subject to the control and direction of the injured person, or was so identified with him in a common enterprise as to become responsible for his acts.

MUNICIPAL CORPORATION.—*Notice of Defect in Sidewalk.*—*Allegation as to in Complaint.*—*Sufficiency.*—In an action against an incorporated town because of injuries sustained by reason of a defective sidewalk, the averment of notice by the defendant of the alleged defect is sufficient, which is as follows: "That the defendant knew of, and had notice of, the identical hole and defective place and sidewalk where plaintiff was injured, as aforesaid, a sufficient length of time before the injury occurred to have repaired the defective place before the 2d day of April, 1891," the time of the occurrence.

DAMAGES.—*Personal Injury.*—*Recovery.*—*Elements of Damage.*—In an action for personal injuries, the plaintiff is entitled to recovery, if at all, for mental and physical suffering, loss of time, and expenses which will be incurred in the future, as well as for those already incurred.

From the Elkhart Circuit Court.

*J. D. Osborne* and *A. S. Zook,* for appellant.

*H. C. Wilson, W. J. Davis* and *H. D. Wilson,* for appellee.

REINHARD, J.—The appellee sued the appellant and recovered a judgment for an injury sustained by a defective sidewalk on one of appellant's streets.

The court overruled a demurrer to the complaint.

Among the alleged infirmities of the complaint is the indefiniteness of the averments as to the location and de-

scription of the alleged defective place in the walk, and the exact whereabouts of the appellee, whether on or off the said walk, at the time of the occurrence of the injury. It is urged that the allegation that appellee was walking ''along the sidewalk'' is not equivalent to a statement that she was ''on the sidewalk'' when she was injured.

We do not regard the objection as tenable. To say the least, the construction of the language contended for would be an extremely technical one. Nor do we regard the complaint bad for uncertainty in designating the location of the defect.

If accuracy is required in this regard, the averment that the injury occurred ''while in front of lot No. 370, in Rosenberg's first addition in said town'' was sufficient when taken in connection with the other averment that it was on the north side of the street known and designated as Market street.

As to the character of the defect in the sidewalk, it is alleged that the appellee ''stepped her foot in a hole or cavity in said walk, beneath a tipping board or boards, as hereafter alleged, where the board or boards of said walk were loose and not nailed or fastened to the sills or sleepers beneath; that when two persons were walking thereon, one or more of said boards would cast or trip his or her companion, and then and there and thereby her foot was caught, and that wholly by reason of her foot being so caught in said hole, cavity, or defective place in said sidewalk, she was thrown violently to the ground,'' etc.

We think this description of the defect sufficient in substance to withstand the attack made by the demurrer. It is true the averment is somewhat indirect and indefinite, and it may be conceded that the entire complaint is far from being a model of artistic pleading, but

we do not regard it so void of substance as to lack the essential elements.

We think it sufficiently appears from the complaint that there was a defect in the sidewalk consisting of a loose board or boards, which when stepped upon at one end would, on account of its position and looseness, suddenly tilt, so that a person walking on said sidewalk immediately behind or by the side of the person so stepping upon the loose board or boards, was in danger of having his foot caught beneath the tilting plank or planks and be thrown to the ground.

We think it further appears that the appellee was injured by the tilting of the board or boards and by having her foot caught upon the same while attempting to walk upon the sidewalk.    Indefiniteness alone is not a cause for sustaining a demurrer upon the ground of the want of sufficient facts to constitute a cause of action, but the defect, if it be such, must be reached by motion to make more specific and definite.    *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Ludlow* v. *Marion Tp. Gravel Road Co.*, 101 Ind. 176; *Brookville, etc., Turnpike Co.* v. *Pumphrey*, 59 Ind. 78; *Adamson* v. *Shaner*, 3 Ind. App. 448; *Sluyter* v. *Union, etc., Life Ins. Co.*, 3 Ind. App. 312.

While municipal corporations are not insurers of those who travel over their streets and sidewalks, it is their duty to keep such streets and walks in a reasonably safe condition for use, and if they negligently fail to do this, they are liable to persons injured by reason of the defective condition of such streets and walks.    *City of Fort Wayne* v. *Patterson*, 3 Ind. App. 34; *City of Logansport* v. *Dick, Admx.*, 70 Ind. 65; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *City of Indianapolis* v. *Emmelman*, 108 Ind. 530; *City of Goshen* v. *England*, 119 Ind. 368.

It is further urged against the complaint that it does

not sufficiently show the freedom of appellee from contributory fault. There is an averment that the injury was incurred without any fault or negligence on her part, and this general allegation is sufficient unless the facts pleaded affirmatively show that the injured party's negligence contributed to the injury. *Ohio, etc., R. W. Co.* v. *Hawkins,* 1 Ind. App. 213.

The facts averred do not show negligence on the part of the appellee. But the appellant contends that there should be a further averment that those who were with the appellee on the sidewalk when she was injured were likewise free from contributory fault. This was not necessary.

As a general rule, if the injured party is himself free from fault, the negligent defendant will be liable, although the negligence of some third party may have contributed to the injury. The only exception to this rule is where the person whose fault has contributed to the negligence was subject to the control or direction of the person injured, or was so identified with him in a common enterprise as to become responsible for his acts, which, it is not claimed, was true of the appellee's companions who caused the board sidewalk to tilt as they stepped upon it. See *Town of Knightstown* v. *Musgrove,* 116 Ind. 121; *Miller, Admr.,* v. *Louisville, etc., R. W. Co.,* 128 Ind. 97.

It is further urged that the complaint fails to charge sufficiently that the appellant had knowledge or notice of the defect. The averment upon this point is "that the defendant knew of, and had notice of, the identical hole and defective place in said sidewalk where plaintiff was injured, as aforesaid, a sufficient length of time before said injury occurred to have repaired said defective place before said 2d day of April, 1891."

We think this averment sufficiently brings home to

the appellant knowledge or notice of the defect. It is true that the better mode of pleading would have required a specific statement of the length of time before the accident during which appellant was in possession of such knowledge, but we think if the statement was too indefinite it should have been reached by motion to make it more specific.

Error is also predicated upon the overruling of the appellant's motion for a new trial.

It is contended that a variance exists between the complaint and proof in this, that the charge in the complaint was that appellee stepped in a hole or cavity in the sidewalk, beneath a tipping board or boards, where the board or boards were loose and not nailed or fastened to the sills or sleepers beneath, while the evidence tends to show that appellee struck her foot against the end of a section of the plank walk while the same was raised momentarily by the weight of those persons who were walking in company with appellee and who had stepped upon the opposite end of said loose section, thereby causing the appellee to trip and fall.

We do not regard the difference as amounting to a fatal one. The law looks at the substance and not at the shadow of things.

If literally the boards were not loose from the sleepers or sills, it is equally true that the section of plank walk against which the appellee struck her foot, and which included the board upon which her foot was caught, was "loose" and "unfastened" in a sense, so as to allow it to tip up at one end when stepped upon at the other; and with the walk in this condition, it must also have been true that there was a "cavity" beneath the tipping boards.

We do not see how the appellant could have been mis-

led by the description in the complaint when the evidence is applied to it. We think the evidence in this particular sufficient to support the averment of the complaint.

Appellant complains of certain instructions given to the jury.

We have examined these instructions, and can discover no error in them. They state the law fully and fairly, and do not invade the province of the jury.

The criticism upon the third instruction, which is to the effect that if the jury find for the plaintiff she would be entitled to compensation for mental and physical suffering, loss of time and expenses she would incur in the future, as well as for those already incurred, is not well founded. We are of the opinion that the instruction states the law correctly. *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264.

It is finally contended that the motion for a new trial should have been granted on account of excessive damages. The amount recovered was $1,000.

There is evidence tending to show that the appellee sustained a permanent injury, seriously impairing, if not entirely destroying, the use of her right arm. There was evidence from which the jury might well have found that the appellee had become a cripple for life, and was damaged in that amount.

Where this is the case, the appellate court can not reverse on account of excessive damages. Moreover, in actions of the character of this one, the judgment will not be disturbed on appeal, unless the amount is so grossly excessive as to induce the belief that the jury acted from prejudice, partiality, or corruption. *Sturgeon* v. *Sturgeon*, 4 Ind. App. 232; *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261.

We have examined all the questions presented, and find no reversible error.

Judgment affirmed.

Filed June 22, 1893.