The American Strawboard Company v. Foust.

Filed April 23, 1895.

———————◆———————

No. 1,411.

AMERICAN STRAWBOARD COMPANY v. FOUST.

MASTER AND SERVANT.—*Assumption of Risk Incident to Service.*—*When Rule Does Not Apply.*—Where the gist of the negligence, on the part of the master, complained of, is the failure to properly instruct an inexperienced servant as to the use and operation of a dangerous machine and the working of and about the same, and it is shown that proper instructions were not given the servant, and that he was without experience in such employment, of which the master had knowledge, and the dangers were apparent only to an experienced man, the rule that the servant assumed the risk incident to the employment does not apply.

SAME.—*Duty of Master to Instruct Inexperienced Servant.—General Warning of Danger.*—Simply warning an employe of danger generally does not excuse the master from pointing out the particular danger of his employment, and to so instruct him as to enable him to avoid such danger.

SAME.—*Interrogatories to Jury.*—That the answers to interrogatories are not sufficient to overcome the general verdict, see opinion.

DAMAGES.—*What May be Considered in Estimating.—Deprivation of Pleasure and Satisfaction of Free Use of Limb.—Instruction.—Personal Injury.*—In an action for personal injury, the crushing and lacerating of a hand and arm, it was not error to instruct the jury that in estimating the plaintiff's damages, if they were found, they should take into consideration the extent of plaintiff's injury, his bodily and mental suffering, and the fact "that he is deprived of the pleasure and satisfaction in life that those only can enjoy who are possessed of a sound body and the free use of all its members."

INSTRUCTIONS TO JURY.—*Appellate Court Practice.—Party Complaining of His Own Instructions.*—A party can not complain of instructions which the record shows were given at the request of the party himself.

From the Hamilton Circuit Court.

*I. W. Christian* and *W. S. Christian,* for appellant.

*W. Fertig, H. J. Alexander, G. Shirts* and *I. A. Kilbourne,* for appellee.

REINHARD, J.—This is an action for damages for a personal injury received by the appellee while in the employment of the appellant.

The complaint avers, in substance, that the defendant, a corporation, at the times hereinafter mentioned, was engaged in the business of manufacturing strawboard at its factory near Noblesville; that the plaintiff was twenty-one years old in July, 1893; that in September of the same year he came to Noblesville, from Missouri to find employment; that he was employed by the defendant company about three weeks after he came to Noblesville, to work at the cutting machine, and to deliver the finished board therefrom, thence to be carried away and stored by other employes (a position in which

there was comparatively no danger, said place where he was employed to work being at the end of a long series of heavy rollers or dryers, through which the material for the making of such strawboard passed); that the plaintiff was an inexperienced boy, and had never worked in any paper mill prior to his employment in said mill, of which defendant had full knowledge at the time, nor had the plaintiff ever been engaged in work about any kind of machinery prior thereto, of which the defendant also had knowledge at the time; that on the —— day of November, 1893, the plaintiff was engaged under such contract with the defendant in his said work at said cutting machine, when, about 5 o'clock in the morning, the unfinished paper that was passing over said series of rollers or dryers, in some manner unknown to the plaintiff, became broken, the point at which such break occurred being back among said rollers or dryers, and fifteen or twenty feet away from the position thus assigned to the plaintiff for his said work, and in a dangerous place; that each of said rollers or dryers (one rolling upon the other, weighing about one ton and composed of steel) was hollow and heated with steam supplied from the boilers of said machinery, to the end that said product in passing thereon should become dry and rolled into strawboards; that upon the happening of said break there was much commotion among the employes connected with that part of the work, confusion in the factory room, and running to and fro, and the foreman of said factory and of said room then directed the plaintiff to go back to said point and help fix the paper where it was broken so that it would pass through said series of rollers, as before, in an unbroken line, said foreman then claiming that such was the plaintiff's duty; that such service had never been performed by the plaintiff prior to that time, nor did

he have any knowledge whatever, as to the manner of the performance thereof, nor the dangers attending the same, all of which the said foreman and the defendant then and there well knew; and the defendant or any of its employes did not give to the plaintiff any instructions whatever, either as to the method of performing such services, or as to the dangers attending the same, but, on the contrary, negligently and carelessly failed to do so; and, in the hurry of the moment and amid such confusion, and without any time for reflection or deliberation, either as to whether such work was within the line of plaintiff's duty or the method of doing the same, and having been at work the whole of the night, obeying said instructions, the plaintiff went among the said rollers and machinery, and into said dangerous place, and attempted to repair the break in said paper, and in so doing, without any fault or negligence on his part, but through the fault and carelessness of the defendant, the hand and arm of the plaintiff were caught in said broken pieces of paper and carried into and between said rollers or dryers, heated with steam as aforesaid, whereby his left arm was badly burned, lacerated and bruised, etc.

The complaint concludes with a description of the injury and the damages sustained, and asks judgment for $10,000.

The appellant answered with the general denial. The cause was tried by a jury, who returned a verdict in favor of the appellee for $2,500.

With the general verdict, the jury also returned answers to certain intorrogatories submitted to them.

The appellant moved for judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict, which motion was overruled.

The appellant also moved for a new trial, which motion was likewise overruled.

The American Strawboard Company *v.* Foust.

The overruling of these motions is the only specification of error assigned.

In support of the first specification of error, it is contended that answers to the interrogatories returned by the jury establish the following facts: That appellee was, at the time of his injury, twenty-one years of age, in full possession of his senses and a person of ordinary intelligence; that the dangers, perils, and hazards of his services were open and apparent; that he had been 'frequently warned of the danger of passing the paper up between the dryers; that just prior to his injury he was warned to be careful and look out for his hands; that his injury was caused by letting his hand follow the paper which he was passing up between the dryers.

It is urged that these facts establish negligence on the part of the appellee, in not using his senses and in not heeding the warnings given him, and in letting his hand follow the paper which he was passing up between the dryers.

The several interrogatories and answers propounded to and returned by the jury were as follows:

"1. Was not the plaintiff over the age of twenty-one years when he received his injury?   Ans. Yes.

"2. Was not plaintiff in full possession of his senses, and a person of ordinary intelligence, at the time he received the injury?   Ans. Yes.

"3. Were not the dangers, perils, and hazards of the service which he was peforming at the time he was injured open and apparent to him?   Ans. Yes; it would be to an experienced man.

"4. Were not the dangers, perils, and hazards of the service which plaintiff was performing at the time of his injury open and apparent to a person of ordinary intelligence?   Ans. To an experienced man only.

"5. Could not plaintiff have avoided his injury by

using ordinary care while performing the work which contributed to his injury? Ans. To an experienced man only.

"6. Could not plaintiff have avoided his injury if he had paid attention to his work which he was performing at the time he was injured? Ans. No; for reason of inexperience.

"7. Was not plaintiff's injury caused by letting his hand follow the paper which he was passing up between the lining dryers of defendant's machine to the finisher of said machine? Ans. Yes.

"8. Was plaintiff's hand caught in the broken pieces of paper, and his hand and arm thereby carried in between the lining dryers and defendant's machine? Ans. No.

"9. If your answer to the above interrogatory, No. 8, is yes, state how his hand was caught. Ans. ——.

"10. Was not plaintiff employed by defendant as 'cutter boy' on paper machine No. 96? Ans. Yes.

"11. Was it not plaintiff's duty, among other things, to assist in passing the paper in process of making on paper machine No. 96, when the same became broken, over, under, and between the dryers thereof, including the lining dryers, where this injury occurred? Ans. Yes.

"12. Was not plaintiff employed by defendant in the machine-room in which paper machine No. 96 is located, in which were employed, at the time of his injury, Martin Woodall, Wilbur Hiatt, and Augustine Scully. Ans. Yes.

"13. Did not the work in said machine-room require the co-operation of the plaintiff, said Martin Woodall, Wilbur Hiatt, and Augustine Scully? Ans. Yes.

"14. Did it not require the combined labor of the plaintiff said Martin Woodall, Wilbur Hiatt, and August-

ine Scully, to take care of said paper machine No. 96 and the product therefrom? Ans. Yes.

"15. Did not Martin Woodall, machine-tender on machine No. 96, show the plaintiff how to perform his work as 'cutter-boy'? Ans. No.

"16. Did not Wilbur Hiatt, finisher on said machine, show the plaintiff how to perform his work as 'cutter-boy' and how to pass the paper over, under, and between the dryers on said machine? Ans. No.

"17. Did not Wilbur Hiatt, just prior to the time plaintiff was injured, warn plaintiff to be careful, to look out for his hand? Ans. Yes.

"18. Did not Wilbur Hiatt frequently warn plaintiff of the dangers of passing the paper up between the dryers? Ans. Yes.

"19. Did not Wilbur Hiatt show the plaintiff, before his injury, how to pass the paper up between the dryers? Ans. No.

"20. Did not Augustine Scully, 'cutter boy,' on said machine No. 96, at which plaintiff was employed, show the plaintiff how to perform his duties in passing the paper over, under, and between the dryers of said machine prior to his injury? Ans. No.

"21. Did not Augustine Scully warn and point out to the plaintiff, prior to his injury, the perils and dangers of his service, and of the work which plaintiff was performing at the time of his injury? Ans. No.

"22. Did not Wilbur Hiatt, the finisher on said machine, warn and point out to the plaintiff, prior to his injury, the perils and dangers of the service which plaintiff was performing at the time of his injury? Ans. No."

The answers to interrogatories can be held to override the general verdict only when they are in irreconcilable conflict with it. The theory of the complaint is not that

the appellant was guilty of any negligence in connection with the construction, condition, or operation, of the machinery in which appellee was required to work, but that it was negligent in failing to properly instruct or warn the appellee of the perils, dangers, and hazards of his employment, and in directing him to assist in fixing the paper where it was broken, so that it would pass through the rollers in an unbroken line, without any knowledge prior thereto, on the part of appellee, as to the manner of the performance of such task, nor the dangers attending the same. The general verdict entitles the appellee to the presumption that the appellant had violated its duty in the particulars specified in the complaint. Unless this presumption is overcome by a positive finding to the contrary in the answers to interrogatories, the general verdict must stand. When taken together, the answers to interrogatories establish these facts, we think, that appellee was over twenty-one years old, a person of ordinary intelligence and in full possession of his senses at the time he received the injury; that he had been warned, just prior to the injury, to be careful, to look out for his hand, and that he had been frequently warned of the dangers of passing the paper up between the dryers; that the dangers and perils of appellee's general employment, and of the particular task in which he was engaged when hurt, were apparent and obvious to a man of experience; that by reason of the peculiar condition of the machinery, and the appellee's inexperience in connection with the employment, the appellee could not have avoided the injury if he had paid closer attention to his work.

We can not agree with appellant's counsel that these facts show the appellee to have been guilty of such negligence as would preclude him from recovering in case the negligence of the appellant, in failing to give the ap-

pellee the proper instructions, has been established by the evidence. That the appellant's negligence, as alleged in the complaint, was fully established, must be presumed, as we have seen, in view of the general verdict. It was the duty of the appellant to instruct the appellee, when he entered upon the service, as to the manner of performing the tasks set before him and of the dangers attending the same. Granting that the findings show that the appellee had been sufficiently warned of the perils and dangers attending the performance of his duties, it still remains true, as found by the general verdict, that he was ignorant of the nature of his work, and of the manner of the proper performance of the same. There is nothing, in the answers returned by the jury, to indicate that appellee had received such instructions as he should have been given, in order to understand fully the character of the work he was to perform and the proper manner of performing the same.

It may have been true, therefore, that just prior to the injury the appellee was warned "to be careful" and to "look out for his hand," and yet with the reasonable exercise of his faculties he might still have been unable to so perform his duties as to avoid the danger. Simply warning the appellee of danger generally, by the appellant, did not excuse the latter from pointing out the particular danger of this employment and to so instruct the appellee as to enable him to avoid such danger. Nor is the finding, that the appellee was so warned, in conflict with the implied finding in the general verdict, that appellee did not receive any instructions from the appellant or its servants concerning the duties he had to perform and the dangers and hazards attending his employment at the time of the injury.

A warning to an ignorant and inexperienced man under such circumstances would be of little avail. A man cast adrift upon the sea in a vessel will profit very little

by being warned of the perils and dangers of storms and billows, unless he knows something of the rigging of the craft and of the manner in which it ought to be steered and guided by the helmsman. Indeed, it is a matter of common experience that such warnings serve to confuse and thereby to increase the danger rather than to diminish or avoid it. This is true, also, we think, of one who is at work about a dangerous piece of machinery about the operation and movements of which he knows little or nothing. Over and over again he may be warned and cautioned that he is encountering great peril and will be hurt if he is not careful of his fingers and hand; but unless the particular source of danger is pointed out to him, and the manner of avoiding it explained, the warning will not benefit him materially.

It appears that the appellee was injured while performing a task assigned him in connection with and in the line of his employment. There is nothing in the answers to the special interrogatories which shows or indicates that the appellee did not make proper and reasonable use of his faculties according to the knowledge and information he possessed regarding the machinery and its attendant dangers, or in failing to heed any warnings given him. Nor can we say that there is any finding to the effect that appellee was injured while negligently letting his hand follow the paper which he was passing up between the dryers.

That it was the appellee's duty, among other things, to pass the paper, or assist in passing it, when the same became broken "over, under, and between the dryers" of the machine, is clearly enough found by the jury's answer to interrogatory No. 11. That in this instance he did so recklessly or negligently, is not apparent from the jury's finding.

The soundness of the general rule of law asserted by the appellant's counsel, to the effect that when the dan-

ger is alike open to the observation of all, the master and servant stood upon an equal footing, and the master is not liable for an injury resulting from the dangers of the business,—we shall not undertake to question. It is also true that ordinarily the servant assumes all the risks incident to such hazardous employment. But when the gist of the negligence complained of on the part of the master is the failure to properly instruct an inexperienced servant as to the use and operation of a dangerous machine and the working at and about the same, and it is shown that proper instructions were not given the servant, and that he was without experience in such employment, of which the master had knowledge, and the dangers were apparent only to an experienced man, the rule that the servant assumed the risk incident to the employment does not apply.

There was no error in overruling the appellant's motion for judgment notwithstanding the general verdict.

The next question presented is whether the court erred in overruling the appellant's motion for a new trial.

Among the causes assigned is the one that the court erred in giving certain instructions.

It is insisted that the court erred in giving the twelfth instruction, which is to the effect that in estimating the appellee's damages, if any were found, they should take into consideration the extent of appellee's injury, his bodily and mental suffering, and the fact ''that he is deprived of the pleasure and satisfaction in life that those only can enjoy who are possessed of a sound body and the free use of all its members; also, the loss of time, if any, the appellee has been or may be disabled in earning a livelihood or support.''

We do not think there was any error in the giving of this instruction. *Town of Nappanee* v. *Ruckman*, 7 Ind. App. 361.

We do not regard the instruction as objectionable for

assuming that the appellee was possessed of a sound body and the free use of all its members. The instruction as to mental anguish, etc., is based upon the condition that appellee was damaged as he complains and that he has suffered bodily and mental anguish due to the fact that he is deprived of the pleasure and satisfaction in life of those who enjoy a sound body and sound limbs. If this condition does not exist, or if there is not mental anguish due to these causes, then the instruction does not authorize the jury to take the same into consideration or to allow anything therefor. We do not think the jury could have been misled as to this matter. Nor do we think the damages alluded to in the instruction are speculative, but we regard them as legitimate elements of consideration for the jury, if the appellee has made out his case.

Instructions numbered 8, 9, 10 and 11 are assailed. The bill of exceptions affirmatively shows, however, that each of these instructions was given at the request of the defendant, and this being true the defendant (appellant) can not now complain. The statement may have been made erroneously, but the record imports absolute verity and we are not permitted to look beyond it.

Some complaint is made because the jury were not returned to their room and required to answer the interrogatories more definitely. The objection is not tenable. The answers to the questions pointed out were sufficiently definite and easily understood.

It is finally contended that the verdict is not supported by the evidence. We have examined the evidence, and think it fairly tends to sustain the verdict. While it is, perhaps, not as satisfactory in all respects as might be desired, we can not say that it is entirely lacking in any material point required to be proved.

The judgment is affirmed.

Filed Feb. 27, 1895; petition for rehearing overruled Apr. 30, 1895.