NEAL *v*. STAFFORD.

[No. 15,951. Filed February 6, 1939.]

*Oscar C. Hagemier* and *Christian & Waltz,* for appellant.

*Cloe, Campbell & Cloe, McClellan & McClellan,* and *Clarence E. Benadum,* for appellee.

BRIDWELL, J.—This action was brought by appellee to recover damages for personal injuries sustained by her, and alleged to have been caused by negligent conduct on the part of appellant. The complaint, in one paragraph, was answered by a general denial. The cause was tried to a jury, which returned its verdict in favor of appellee for the sum of $8,000.00. Judgment in accordance with the verdict was rendered. Appellant in due course filed his motion for a new trial which was overruled, and this appeal followed. The only error assigned is the action of the court in overruling said motion.

Among the causes asserted for a new trial are that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; excessive

damages; error in the giving of each of certain designated instructions; and error in refusing to give instruction numbered 14, tendered by appellant.

It appears from the evidence that on the day she was injured, appellee, her two small children, and her husband were proceeding westward in an automobile driven by the husband upon a highway running approximately east and west; that appellant was driving another automobile northward over a highway which intersected the one on which appellee was traveling. While the automobile in which appellee was riding was passing over the intersection of the two highways, it was struck by the automobile being operated by appellant, and as the result of such collision, appellee sustained severe injuries.

We need not discuss the evidence further than to say that, after reading it, we do not consider said evidence of such probative force as to justify this court in affirming the judgment, notwithstanding the errors occurring at the trial of the cause, and hereinafter stated, nor of such character, as appellant contends, to require a reversal of the judgment because of the claimed fact that it proves appellee guilty of contributory negligence as a matter of law.

Among the forty instructions given by the court to the jury were nine instructions given of the court's own motion. In the first two of these instructions the pleadings forming the issue for trial were embodied; instruction numbered 1 containing the complaint, and instruction numbered 2 the answer in general denial. The third of these instructions is as follows:

"Under the issues thus joined, the burden is on the plaintiff to prove by a fair preponderance of the evidence in the case at least one of the material allegations of her complaint, in order to entitle her to recover. If you find that the plaintiff has proved

by a fair preponderance of all of the evidence in the case at least one of her material allegations of her complaint and that the plaintiff herself was free from fault on her part proximately causing or contributing to the injury complained of, then your verdict should be for the plaintiff. If you find that the plaintiff has failed to prove one or more of the material allegations of her complaint, by a fair preponderance of all of the evidence of the case, then your verdict should be for the defendant. If you find from a fair preponderance of all of the evidence in the case that the plaintiff herself was guilty of any negligence proximately causing or contributing to the injury and damages complained of, then your verdict should be for the defendant."

That this instruction is erroneous cannot be doubted. It is incumbent upon a plaintiff to prove all the material allegations of the complaint, and in an action to recover damages for personal injuries, such as the instant case, there must always be more than one material allegation pleaded in the complaint, and proven by the evidence, before a recovery can be had. The court did not inform the jury as to what constituted the material allegations of the complaint by any instruction, and we cannot say that the instruction given, though erroneous, was harmless, even when we consider it in connection with all of the instructions given. It would at least tend to confuse and mislead the jury.

Instruction Number 6, tendered by appellee, and given by the court, is as follows:

"The court instructs the jury that if you find for the plaintiff herein and that she is entitled to recover, it will be your duty to assess her damages in such an amount as will fairly compensate her for the injuries sustained as charged in the complaint, if any, and in arriving at this amount you may take into account the amount of pain and suffering, both physical and mental, which she has already endured, if any, by reason of said injuries, and that may be endured from her injuries in the future. You may also consider her

crippled and maimed condition if you find any to exist; her loss from permanent impairment of her physical powers already endured and which may be endured in the future, if any. You may also consider the extent of plaintiff's injuries and if you find that the use of her body is impaired you may also consider the fact that she is deprived of the pleasure and satisfaction in life that those only can enjoy who are possessed of the free use of all members of the body. You may further consider the impairment, if any, of her ability either past or future to perform her household duties."

Appellee asserts that the court did not err in giving this instruction. She argues that the instruction specifically limited her to the recovery of such damages as were charged in her complaint, which did not include any claim "for loss of value of services in performing her household duties," and that since no evidence as to the value of such services was offered, and by other instructions the jury was told that "they were to decide solely upon the evidence," that this instruction plainly presented to the jury a correct guide by which they were to arrive at a conclusion as to the amount of damages. We quote her contention more fully from her brief, as follows:

"The court did not err in giving Instruction Number 6, requested by the appellee. The evidence shows that the appellant was a married woman and that since the collision and the injury to her, has been unable to fully perform her household duties. Surely, the ability of the appellee to perform her household duties is a portion of the pleasure and satisfaction in life that those only can enjoy who are possessed of the free use of all members of the body, the deprivation of which was proper for the jury to consider."

It is true that there was no evidence offered at the trial to prove the value of the services performed by appellee in discharging her household duties, but despite this fact, we are of the opinion that the court erred

in giving this instruction. After stating to the jury many facts which might be properly considered in determining what amount of damages, if any, should be awarded to appellee, the court further stated that "if you find that the use of her body is impaired, you may also consider the fact that she is deprived of the pleasure and satisfaction in life that those only can enjoy who are possessed of the free use of all members of the body. You may further consider the impairment, if any, of her ability, either past or future, to perform her household duties." By so instructing, the jury were told that they might consider certain facts which they had no right to consider in determining the amount of the verdict. A verdict based, even in part, upon such uncertainty in fixing compensation for a pecuniary loss suffered by reason of injuries received might be based largely upon pure speculation, which cannot be approved.

In support of the instruction, appellee cites and relies upon the cases of *American Strawboard Co.* v. *Foust* (1895), 12 Ind. App. 421, 39 N. E. 891; *Pittsburgh, etc., R. Co.* v. *Cozatt* (1907), 39 Ind. App. 682, 79 N. E. 534, where similar instructions were approved, but these two decisions as to the point involved have been expressly overruled in *South Bend Brick Co.* v. *Goller* (1910), 46 Ind. App. 531, 537, 93 N. E. 37.

One of the causes for a new trial is alleged excessive damages, and we cannot say that the jury in determining the amount of damages it did award was not influenced by this instruction, to the detriment of appellant. For other cases bearing upon the question, and supporting the conclusion reached, see *City of Columbus* v. *Strassner* (1890), 124 Ind. 482, 25 N. E. 65; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978; *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 85 N. E. 969.

There was no error in refusing to give appellant's tendered instruction numbered 14, as it was fully covered by instruction numbered 13, tendered by him, and given by the court.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.