The City of Columbus v. Strassner.

No. 13,402.

## THE CITY OF COLUMBUS v. STRASSNER.

MUNICIPAL CORPORATION.—*Defective Sidewalk.*—*Duty of City to Keep in Repair.*—*Complaint.*—In an action against a city for damages for injuries caused by a defective sidewalk, an allegation that the city had exclusive authority and jurisdiction over its streets, alleys and sidewalks, and negligently permitted one of its sidewalks—the one on the west side of Washington street—to get out of repair, is sufficient to show that the sidewalk where the injury is alleged to have occurred was within the city and under its jurisdiction.

SAME.—*Complaint Negativing Contributory Negligence.*—*Sufficiency of.*—Where the complaint alleges that the injury occurred without the fault of the plaintiff it will be sustained, unless it clearly appears from the facts specifically stated that there was negligence on the part of the plaintiff which contributed to the injury.

SAME.—*Contributory Negligence.*—Where the question of contributory negligence is a controverted one, it is a question of fact for the jury, and their verdict will not be disturbed if there is evidence to support it.

SAME.—*Injury Caused by Defective Sidewalk.*—*Extent of.*—*Evidence.*—*Cross-Examination.*—The question " I will ask you if you didn't go to Mrs. Williams, your sister-in-law's, and if you didn't strike her daughter over the head with a crutch and knock her down on the floor," was a proper question to be asked on cross-examination as tending to contradict the plaintiff's evidence in chief, and to show the plaintiff's injury was not so great as claimed. The defendant was not required to make the proof by its own witnesses, but had the right to elicit the testimony from the plaintiff.

SAME.—*Knowledge of Defective Sidewalk.*—*Right of Action.*—Where one suffers an injury occasioned by a defective sidewalk, the mere fact that before the accident happened he knew of such defect does not deprive him of his right of action. The fact that he had knowledge of the defect, with all the other facts bearing on the question, is to be considered by the jury in determining whether he was guilty of contributory negligence.

SAME.—*Notice to Councilman.*—*Instruction to Jury.*—It was not error to instruct the jury that notice to a councilman of a defective sidewalk was notice to the city.

SAME.—*Measure of Damages.*—*"Lack of Personal Enjoyment."*—An instruction to the jury that they should consider in measuring the damages any "lack of personal enjoyment" occasioned by the injury, was erroneous.

From the Decatur Circuit Court.

*S. Stansifer, C. S. Baker* and *G. W. Cooper,* for appellant.
*J. D. Miller, F. E. Gavin* and *J. C. Orr,* for appellee.

BERKSHIRE, C. J.—This is an action instituted by the appellee against the appellant for damages.

The complaint contains two paragraphs. To each paragraph a demurrer was filed.

The court overruled the demurrers, and exceptions were reserved.

An answer in general denial was filed by the appellant. The cause was submitted to a jury, who returned a verdict for the appellee, and over a motion for a new trial judgment was rendered in accordance with the verdict of the jury.

The errors assigned are as follows:

1. The court erred in overruling the demurrer to the first paragraph of the complaint.

2. The court erred in overruling the demurrer to the second paragraph of the complaint.

3. The court erred in overruling the motion for a new trial.

The only objection made to the first paragraph of the complaint is that it fails to show that the sidewalk complained of was one which it was the duty, or right, of the appellant to keep in repair.

The same objection is made to the second paragraph, and an additional objection that the facts alleged in the second paragraph disclose contributory negligence. We do not think either objection is well taken.

The following allegations as to the location of the sidewalk complained of appear in the first paragraph of the complaint:

"The plaintiff, Mattie Strassner, complaining of the defendant, the city of Columbus, Indiana, says that said defendant is a municipal corporation; that as such corporation it has exclusive authority and jurisdiction over its streets, alleys, and sidewalks; that it is its, the said defendant's, duty

to maintain the same in good and safe repair; that regardless of this, its said duty, the defendant, about four months prior to the 9th day of May, 1884, negligently permitted *one of its said sidewalks, to wit,* the one on the west side of Washington street, in front of building No. 334, a storeroom occupied by John F. Snyder, *to get out of repair, and* become dangerous to the life of pedestrians."

No greater strictness is required in pleading under our liberal practice than certainty to a common *intent;* the pleading in question comes up to this standard.     It is alleged that the appellant had exclusive authority and jurisdiction over its streets, alleys and sidewalks, and negligently permitted one of its said sidewalks, to wit, the one on the west side of Washington street to get out of repair, etc. This sufficiently shows, without further particularity, that the sidewalk where the injury is alleged to have occurred was within the city and under its jurisdiction.     The averment is still stronger in the second paragraph, for in addition to what is alleged in the first paragraph, it alleges that the city had had control of said sidewalk for many years. See *Tice* v. *City of Bay City,* 44 N.W. Rep. (Mich.) 52 ; *Ivory* v. *Town of Deer Park,* 116 N. Y. 476.     But the language of the paragraphs of the pleading in question is so similar to that found in the complaint in the case of *City of Lafayette* v. *Larson,* 73 Ind. 367, that we are inclined to the opinion that the one was copied from the other.     We do not think that the second paragraph of the complaint, on its face, imputes contributory negligence to the appellee, and as it does not the question was left as a question of fact for the jury, and is not open to the objection urged against it.

In *City of Elkhart* v. *Witman,* 122 Ind. 538, this court said :   " It is asserted by counsel that the complaint is bad because it does not show that the plaintiff was not guilty of contributory negligence, but in our opinion counsel are clearly in error.   The direct averment is made that she was injured without fault or negligence on her part, and this, as

has been many times decided, is sufficient to show that she was not guilty of contributory negligence. * * Where the complaint alleges that the injury occurred without the fault of the plaintiff it will be sustained, unless it clearly appears, from the facts specifically stated, that there was negligence on his part which contributed to the injury. There are no facts from which it can be inferred, in the face of the direct averment that there was no fault on the part of the plaintiff, that she was guilty of contributory negligence. It does not appear that she knew of the unsafe condition of the sidewalk, but if she did, it would not be conclusive against her; for, although knowledge of a defect is evidence of an important character tending to show contributory negligence, it does not of itself establish that fact." That case seems to be decisive of the question here under consideration.

We think that, notwithstanding the facts pleaded, there may have been want of contributory negligence, and as the paragraphs expressly aver that the appellee was not guilty of contributory negligence, the pleading is not ill because of the second objection urged against it.

This brings us to the third assigned error.

We are not willing to hold that the uncontradicted evidence introduced on the trial disclosed contributory negligence on the part of the appellee, and this we would have to do if we were to decide that the verdict of the jury was not supported by sufficient evidence.

Conceding that the appellant in its brief has correctly and fully copied the testimony of the appellee relating to the question of contributory negligence (and this it has done, substantially if not literally), when all of the evidence in the case is considered we are not able to say as a matter of law that the appellee was guilty of contributory negligence.

The question of contributory negligence, as a question of evidence, was a controverted question, and therefore a ques-

tion purely of fact for the determination of the jury.    See *Jung* v. *City of Stevens Point,* 43 N. W. Rep. (Wis.) 513.

In *Holloway* v. *City of Lockport,* 61 N. Y. Sup. Ct. 153, the court said: "The duty of the defendant was to keep the streets, and sidewalks, constructed under its orders and directions within the city limits, in a reasonably safe and secure condition.    If the plaintiff did, in fact, know of the real condition of the walk before the accident happened, that circumstance alone does not deprive him of a right of action.    That circumstance, however, with all the other facts bearing on the question, was to be considered and weighed by the jury in determining whether the plaintiff was guilty of contributory negligence.    We think that the jury properly disposed of that question ; at least the case, as presented by all the evidence, is such as not to permit us to disturb their finding on the question."

The foregoing expresses the true rule as we understand it, and is in accord with our own cases.    See *Town of Gosport* v. *Evans,* 112 Ind. 133 ; *City of Fort Wayne* v. *Breese,* 123 Ind. 581.

In *City of Chicago* v. *McLean,* 24 N. E. (Ill.) 527, the court said : "Appellant also assigns as error the refusal of the court to give the fourth and sixth instructions asked by it.    In the fourth it was stated that ' a person in the full possession of her faculties, passing over a sidewalk when there was light, with no crowd to jostle or disturb her, and no intervening object to hide a dangerous place which she is approaching, and no sudden cause to distract her attention, is bound to use her eyes to direct her footsteps ; and if she failed so to do, and is negligent therein, she had no cause of action against the city for injuries received by her because she stepped without looking into such dangerous place.'    In the sixth it was said that ' ordinary care requires that the foot-passenger shall use her eyes as well as her feet, and therefore, if you believe from the evidence that the plaintiff was injured because of the failure on her part to look where she was going or

observe the condition of the sidewalk on which she was walking, you should find the defendant not guilty.' These instructions were properly refused. They virtually tell the jury that certain facts constitute negligence. Negligence is a question of fact, and not one of law, and 'it is for the jury to determine from the evidence whether one or both of the parties may have been negligent in their conduct, and not for the court to take the question from them, and declare if certain facts exist negligence is established.' "

If we are to understand from the reasoning and conclusion in the foregoing case, that a person passing along a street or sidewalk in a city is not bound to reasonable care and to the employment of his sense of sight, to that extent we must refuse our assent, but in other respects we regard it as an authority. *City of Elkhart* v. *Witman, supra.*

In *Pettengill* v. *City of Yonkers,* 71 N. Y. 558, it is said, "A person using a public street has no reason to apprehend danger, and is not required to be vigilant to discover dangerous obstructions, but he may walk or drive in the day-time or night-time, relying upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel have performed that duty, and that he is exposed to no danger from its neglect." See *Dundas* v. *City of Lansing,* 75 Mich. 499.

The conclusion to which we have arrived is not inconsistent with the reasoning and conclusions reached in *Town of Gosport* v. *Evans, supra,* nor with *City of Plymouth* v. *Milner,* 117 Ind. 324. Those cases belong to a different class, and are fully adhered to.

The evidence sufficiently shows that the sidewalk and street were in the corporate limits of the city, and hence were under its control. See *Ivory* v. *Town of Deer Park, supra ; Town of Gosport* v. *Evans, supra ;* section 3161, R. S. 1881.

The question propounded to the appellee as to the number of brothers she had, and the proposed testimony to follow, were not competent on cross-examination, but if they had been

the whole matter to which the question and offer related came out when the appellant introduced its evidence in chief, and therefore the appellant was not injured by the court's ruling.

We are of the opinion that the question, " I will ask you if you didn't go to Mrs. Williams, your sister-in-law's, and if you didn't strike her daughter over the head with a crutch and knock her down on the floor," in view of what the appellee had testified to in her examination in chief, and the offer which was made, was a proper question to be asked on cross-examination, and that the court erred in excluding the testimony.

It was an important question as to how seriously, if at all, the appellee had been injured, and whether or not she had the use of her limbs; the proposed testimony would not only have had a tendency to contradict the plaintiff's evidence in chief, but to show that her injury was not nearly so great as she claimed; and the appellant was not bound to make the proof by witnesses whom it might introduce, but had the right to elicit the testimony from the appellee.

Such proof coming from the appellee, the opposite party, might have been much more influential than if it had come from one of the appellant's witnesses, and, as we have said, would have necessarily weakened the appellee's testimony in chief.

We have carefully examined the instructions given by the learned judge who presided at the trial, on his own motion, and those requested by the appellant, those refused, as well as those given, and are of the opinion that the instructions given covered, clearly and succinctly, the law of the case; and that the court committed no error in the refusal to give the instructions requested, nor in giving its own instructions, except in the giving of instruction numbered twenty-one.

So far as the appellant's instructions which were refused, were proper, they were covered by the instructions that were given by the court.

It is urged that the instructions given by the court, on its own motion, that referred to the question of notice to the appellant that the sidewalk was out of repair, omitted the word "reasonable," but the jury were not misled thereby, for the reason that the court, in a special instruction upon that subject asked by the appellant, informed the jury that the notice referred to in the instructions was a reasonable notice. It was proper to instruct the jury that notice to a councilman was notice to the city. *City of Logansport* v. *Justice*, 74 Ind. 378; *City of Lafayette* v. *Larson, supra.*

Instruction numbered twenty-one was erroneous, in that it informed the jury that they should take into consideration in measuring the damages which they would assess, in case they found for the appellee, any "lack of personal enjoyment" occasioned by the injury. In other respects we are satisfied with the instruction, but in the respect mentioned we are of the opinion that it is erroneous. Counsel for the appellee have cited us to no authority in support of the instruction, and we have found none. The question of damages, like other legal propositions, should rest upon some substantial basis. The following inquiries, therefore, suggest themselves: What is "personal enjoyment"? How are we to ascertain to what extent it is possessed by a human being? How can its absence and the cause thereof be demonstrated? If a person for any cause has been deprived of "personal enjoyment" how are we to go about adjusting his loss upon a money basis? These questions seem to be pertinent, but unanswerable, and suggest an insuperable difficulty to the measurement of damages because of loss of "personal enjoyment." We are unable to say to what extent the objectionable part of the said instruction influenced the jury in measuring the damages which were assessed against the appellant, and, therefore, can not hold that it was not injured by the instruction.

Because of the errors indicated, the judgment must be reversed.

Judgment reversed, with costs.

