## South Bend Brick Company *v.* Goller.

[No. 6,837.   Filed November 29, 1910.]

1. Master and Servant.—*Negligence.—Several Acts of.—Proof of One.—Instructions.*—Where a complaint alleged several acts of negligence as the cause of plaintiff's injury, an instruction that proof of one of such acts, together with the other material allega-tions of the complaint, was sufficient, is not erroneous, nor mis-leading.   p. 533.

2. Master and Servant.—*Several Acts of Negligence.—Assump-tion of Risk.—Instructions.*—An instruction that the plaintiff is entitled to recover upon proof of one of the alleged acts of negli-gence, is not erroneous on the ground that it wholly omits the as-sumption of risk, where another instruction accurately stated the law as to such question.   p. 533.

3. Master and Servant.—*Unsafe Premises.—Negligence Concur-ring with Act of God.—Instructions.*—An instruction that if the falling of defendant's shed upon plaintiff was caused partly by defendant's negligence, the mere fact that an unusual wind aided in the fall, would not relieve defendant from liability, is correct.   p. 534.

4. Master and Servant.—*Obvious Defects.—Instructions.—Duty to Ask More Specific Ones.*—An instruction that it is not the duty of a servant to inspect the working place for defects, but he is re-quired to observe obvious defects, is not misleading on the ground that it omits dangers of which the plaintiff had actual knowledge, it being appellant's duty to present a more specific instruction if desired.   p. 534.

5. Master and Servant.—*Unsafe Place.—Duty of Master and Servant.—Instructions.*—An instruction that defendant "was bound to know the construction of said buildings," alleged to be defective, and that plaintiff was required to know of obvious de-fects, but that such defects would *not* preclude a recovery unless plaintiff appreciated the dangers therefrom, though not clear, is not prejudicial, when considered with another instruction clearly stating the law applicable thereto.   p. 534.

6. Master and Servant.—*Obvious Defects.—Appreciation of.—Pre-sumptions.—Instructions.—Curing by Interrogatories.*—An in-struction that the plaintiff, who was a mature man, was required to know of obvious defects, but that he might recover if he did not appreciate the dangers therefrom, though erroneous, is cured by answers to interrogatories showing that he was ignorant of the defects causing the injuries, and could not have learned there-of by the exercise of ordinary care.   p. 535.

7. DAMAGES.—*Elements.*—*Instructions.*—An instruction that if the jury should find for the plaintiff, it should, in assessing damages,. consider his loss of time, the nature and extent of his injuries, loss of health, lessening of his ability to labor, "inability to enjoy life," pain and suffering, and if the injuries are permanent, the probable length of his life, is incorrect, his "inability to enjoy life" constituting speculative damages. *American Strawboard Co.* v. *Foust,* 12 Ind. App. 421, and *Pittsburgh, etc., R. Co.* v. *Cozatt,* 34 Ind. App. 682, overruled. p. 535.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Albert Goller against the South Bend Brick Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. *Reversed.*

*Frank H. Dunnahoo* and *Slick & Slick,* for appellant.
*Charles P. Drummond,* for appellee.

MYERS, J.—On November 21, 1906, appellant was engaged in manufacturing brick at the city of South Bend, Indiana, and a part of its plant consisted of brick kilns, covered by sheds open on all sides. On said day, while appellee was in appellant's employ, and while engaged in casing one of said kilns of brick, as he was employed to do, the shed under which he was working fell and injured him. To recover damages for said injuries, appellee brought this action, alleging two separate acts of negligence: (1) That the appellant negligently and carelessly constructed said sheds, and by reason of said negligent construction they were defective, weak and insubstantial; (2) that appellant negligently and carelessly failed to maintain and keep said sheds in proper condition and repair, and allowed them to become weak, defective and insecure.

Appellant answered by a general denial, and by an affirmative paragraph averring, in substance, that said sheds were .constructed by careful, skilful and reliable persons, according to plans prepared by careful and skilful architects; that said sheds were strong and not out of repair on the day of the alleged injury; that they fell solely by reason

of an extraordinary and violent wind storm, which could not have been anticipated or guarded against by the exercise of reasonable care.

Trial by a jury, and a verdict rendered in favor of appellee, and over appellant's motion for a new trial judgment on the verdict was rendered against appellant. The only error relied on for a reversal of that judgment is the overruling of appellant's motion for a new trial. At the request of appellee, the court gave to the jury certain instructions, eight of which are claimed to be erroneous, and are assigned as reasons for a new trial.

The first instruction objected to, in substance told the jury that it was not necessary for plaintiff to prove all the acts of negligence alleged in his complaint, but that 1. if he proved any one of said alleged acts and the other material allegations of his complaint, and did not contribute to his injury, he would be entitled to recover. This instruction is criticised on the ground that it is misleading and that it omitted the question of assumption of risk. The complaint charged defendant with more than one act of negligence, but it does not proceed upon the theory that both acts combined to produce the injury for which damages are asked. The instruction in that particular was not erroneous. *New York, etc., R. Co.* v. *Robbins* (1906), 38 Ind. App. 172; *Indianapolis St. R. Co.* v. *Slifer* (1905), 35 Ind. App. 700; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143. This instruction made it plain to the jury that the other material allegations of the complaint must be proved before a recovery could be had. It was not, therefore, misleading. *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662. By another instruction the jury was 2. fully informed as to the question of assumed risk, and the two instructions, when considered together, cover the point made against the first.

The next instruction claimed to be erroneous was to the effect that if the sheds fell and injured appellee, and the

falling of the sheds was primarily due to the negligence of appellant, the fact alone that the wind, although unusual, aided in causing the sheds to fall, would not constitute a defense to the action. It is claimed that this instruction is not pertinent to the issues or relevant to the evidence properly admissible under the issues.

The complaint proceeds upon the theory that the sheds fell because of appellant's negligence in constructing or in maintaining them, and testimony was introduced tending to support both charges of negligence. There was also evidence introduced showing that on the day of the accident the wind was unusually strong, and that some smaller buildings in the city of South Bend were blown over. The instruction was not subject to the objections urged against it.

Instruction four, after informing the jury what the law requires of the employer, stated: "It is not the duty of the employe to inspect the place, furnished for him, for dangers or defects, but he is only bound to observe and heed such defects and dangers as are obvious to him while in the exercise of ordinary care for his own safety," etc. This instruction is criticised on the ground that it did not include defects and dangers of which the appellee had actual knowledge. While the jury should have been told that appellee was bound to take notice of the dangers and defects of which he had actual knowledge, yet this omission did not amount to a misstatement of the law. In such cases a party desiring a more specific instruction should ask it. *New York, etc., R. Co.* v. *Flynn* (1908), 41 Ind. App. 501.

Appellant has assaulted instruction five, because it told the jury "that defendant was bound to know the construction of said buildings," and with reference to plaintiff, that he was bound to know such defects as were obvious to one in the exercise of ordinary care, but that such defects would not preclude a recovery by plaintiff, unless they further found that plaintiff realized and

appreciated the dangers, if any, to him, by reason of such defects. This instruction with reference to appellant is not as clear as it might be, yet when it is considered with instruction seven, requested by appellant and given to the jury, we think appellant had no just cause to complain of the action of the court in this respect. Appellant also insists that if the defects were obvious to appellee, he

6. could not be heard to say that he did not appreciate the dangers arising therefrom. Plaintiff was twenty-four years of age, and had worked in and about appellant's plant from May to the time of the accident. There is no claim of inexperience, or other reasonable excuse offered why he should not be held to appreciate dangers from obvious defects, or from defects of which he had actual knowledge, but this question is taken out of the case by the answers of the jury to certain interrogatories showing that certain defects in the construction of the buildings caused them to fall, and that appellee did not know of these defects, and could not have known of them by the exercise of ordinary care. With this showing the instruction was not prejudicial to the rights of appellant. *Nichols* v. *Central Trust Co.* (1909), 43 Ind. App. 64; *Roush* v. *Roush* (1900), 154 Ind. 562; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267.

The objections urged to instructions seven, eight and nine are not of sufficient merit to require extended notice.

Instruction eleven was as follows: "If you find for plaintiff, it will be your duty to assess his damages. In assessing plaintiff's damages, you should take into account

7. count his loss of time, if any, the nature and extent of his injuries, if any, his loss of health, if any, the lessening of his ability to labor, if any shown, his inability to enjoy life, if any shown, his pain and suffering, if any, and if you find that his injuries are permanent you may take into account his present age and the probable length of time he will live, and assess such damages for his losses

in the future as, in your opinion, the evidence may warrant you in believing he will sustain.'' The claim is made that this instruction authorized the jury to assess remote and purely speculative damages. It will be noticed that the jury was directed to consider as an element of damages plaintiff's ''inability to enjoy life.'' In the class of cases to which this one belongs, the fixing of damages in the very nature of things must rest, to some extent, upon known like injuries, which the courts have regarded as some basis for fixing reasonable compensation. *Indianapolis St. R. Co. v. Ray* (1906), 167 Ind. 236. How the jury may have understood the phrase ''inability to enjoy life,'' or the importance which the jury may have given to it, we have no way of determining. It must have understood that it referred to an element other than those mentioned, viz, loss of time, nature and extent of the injuries, loss of health, ability to labor, and pain and suffering. Assuming that the instruction had reference to appellant's inability to enjoy life because of the injury inflicted, then the question might arise as to what is meant by the phrase ''to enjoy life,'' when considered in connection with all the other elements which the jury was instructed to consider in fixing the amount of compensation it should assess. This instruction, in effect, is similar to the one condemned by the court in the case of *City of Columbus* v. *Strassner* (1890), 124 Ind. 482. In that case it was said that if a ''person for any cause has been deprived of 'personal enjoyment,' how are we to go about adjusting his loss on a money basis?'' So here, What feature in life, other than those included in the instruction, was the jury to consider and adjust on a money basis? That which might appeal to one might be unimportant and of no consequence to another. A verdict based upon such uncertainty in fixing compensation for a pecuniary loss suffered by reason of injuries received might be based largely upon pure speculation, which cannot be approved.

This court in the case of *Pittsburgh, etc., R. Co.* v. *Cozatt*

(1907), 39 Ind. App. 682, approved an instruction which told the jurors that in assessing damages "they might consider, if they found it to be a fact, 'that the plaintiff will be deprived of the pleasure and satisfaction in life that those only can enjoy who are possessed of a sound body and the free use of all of its members.' " See, also, *American Strawboard Co.* v. *Foust* (1895), 12 Ind. App. 421. A like instruction was condemned by the court in *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, and as to that point, the cases of *American Strawboard Co.* v. *Foust, supra,* and *Pittsburgh, etc., R. Co.* v. *Cozatt, supra,* are now overruled. Other questions are presented not likely to arise in another trial, therefore we do not consider them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.