## NORTHERN INDIANA PUBLIC SERVICE COMPANY
### *v.* ROBINSON.

[No. 15,379.  Filed February 7, 1939.]

*Crumpacker & Friedrich, H. W. Worden,* and *Fredrick C. Crumpacker, Jr.,* for appellant.

*Moore, Long & Johnson, Kelly & Ryan,* and *Darrow, Rowley & Shields,* for appellee.

STEVENSON, P. J.—This appeal is from a judgment of the Porter Circuit Court, which judgment was entered on the 16th day of October, 1933, on a verdict of a jury awarding the appellee the sum of $10,000.00 for damages against the appellant.

The case was tried on an amended complaint in three paragraphs. The complaint alleged negligence generally in the construction and maintenance of a dam across a ravine near the Village of Kingsbury in LaPorte County, Indiana. A public highway crossed this ravine and the dam and the grade on which the highway crossed were part of the same structure which operated to impound

the water in the mill pond immediately to the north of said embankment.

That due to such negligence and failure on the part of the appellant company to properly construct and maintain said dam, the plaintiff, while traveling over said highway in a Ford touring car, was caught by a surge of water from the mill pond when the dam and roadway on which he was traveling gave way and was washed out by the pressure of the water in the pond. That the appellee was caught in the current and instantly immersed and buried beneath the ice and mud and swiftly running water from the pond. That he and his companions were washed down the stream for some distance where he grasped and clung to a tree top from which he was able to swim to the shore. That by reason of said negligence he suffered injury to his spine and back, his nervous system was shattered and that he has been caused to suffer great physical pain and anguish.

The case was submitted to the jury on two charges alone; first, failure to raise the flood gates, and second, negligence in permitting a dangerous amount of water to accumulate in the pond. The jury upon a trial of the issues returned a verdict in favor of the appellee and against the appellant in the sum of $10,000.00. Judgment was entered upon the verdict after overruling the motion for new trial.

The only error relied on by the appellant is the alleged error in overruling appellant's motion for new trial. Specification 22 of the motion for new trial is to the effect that the damages are excessive. Specification 21 of the motion for new trial charges error in the giving of the instruction on the measure of damages. Since excessive damages and an erroneous instruction covering the measure of damages are both assigned as grounds for reversal, we will consider the correctness of the in-

struction on the measure of damages first. This instruction is as follows:

"If you find from the evidence and the instructions of the court that the plaintiff is entitled to recover in this action, then, in determining the amount of damages the plaintiff is entitled to recover if any, it is your duty to consider all the facts disclosed by the evidence relevant thereto and to award plaintiff such damages as will justly compensate him for the injury or injuries, if any, he has received resulting from the accident in controversy. You should, in fixing plaintiff's damages, if any, consider the character of plaintiff's injuries, whether they are permanent or only temporary in their character; his loss of time or earnings, if any he has sustained or will probably sustain on account of such injuries, if any; impairment of his ability to pursue his calling or business, if any has been shown by the evidence; any mental or physical pain and suffering he may have suffered, if any; his inability, if any, to enjoy life in the manner he was accustomed to on account of his said injuries; his age and expectancy of life, if his injuries are permanent; and in your deliberation award him such damages, as, under the evidence in this case, will fairly and honestly compensate him for the injury he sustained by reason of the accident alleged in plaintiff's complaint, not, however, exceeding the amount of $25,000.00 claimed in plaintiff's complaint.

"The burden of proof on the question or issue of damages is upon the plaintiff, and in the event you find in his favor you can allow him no damages or consider no element of damages in his favor unless it is sustained by proof by a fair preponderance of all the evidence upon that question."

The appellant contends first that this instruction is erroneous for the reason that it instructs the jury that they may consider as an element of damage "his ██ loss of time or earnings, if any he has sustained or will probably sustain on account of injuries." It is a well established rule of law that "in an action to recover damages, all damages which actually and proxi-

mately result from the wrongful act in question may be recovered, but in a case where the effect of the injury complained of may result in loss of time or interfere with the business, work, trade or profession of the injured party, thereby resulting in damages to him, such damages are considered as special and provable only when specifically alleged in the complaint." *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 377, 91 N. E. 238.

. The complaint in this case alleges that "plaintiff was at the time of his injury in a healthy condition, a man at the age of 32 years and skilled as a mechanic, and was earning $50.00 per week and that since said injury, plaintiff has been unable to work or labor as he had theretofore done." In another paragraph the complaint alleges "that plaintiff is permanently injured and unable to work; that prior to said injury he was a man, able-bodied and capable of earning large sums of money, to-wit $2500.00."

It may be that such allegations are sufficient in the absence of a motion to make more specific to entitle the appellee to introduce evidence tending to show loss of time and earnings, but there is no evidence in the record showing the amount of time that the appellee was disabled or unable to work, nor is there any evidence as to loss of earnings. There is evidence in the record to the effect that the appellee was operating a garage prior to his injury, where he was making approximately $45.00 per week; that after his injury his business fell away and that shortly thereafter he had to give up the garage and seek other employment; that he was employed in the Studebaker factory at South Bend for a time, but the record is silent in the main as to his whereabouts and activities between the time of injury and the time of trial.

It has been repeatedly held in this state "that instructions should be relevant to the issues and perti-

nent to the evidence and if an instruction is given concerning a fact or set of facts to which no evidence has been introduced, there will be reversible error unless it clearly appears that the party affected was not harmed thereby." *Cleveland, etc., R. Co.* v. *Case, supra,* and cases cited.

Loss of time and earnings was a special element of damages and the burden of proof was on the injured party to offer evidence in support of such claim. In the absence of any evidence this element of damage should not have been embodied in the instruction, and the instruction is not rendered harmless by the statement in the instruction that the jury "can allow him no damages or consider no element of damages in his favor unless it is sustained by proof." This instruction being inapplicable to the facts in this case ought not to have been given, and we cannot say that it did not tend to mislead and confuse the jury.

The objection is also made that the instruction is erroneous for the reason that it includes as an element of damage "his inability, if any, to enjoy life in the manner in which he was accustomed to on account of said injury."

This court has held in the case of *South Bend Brick Company* v. *Goller* (1910), 46 Ind. App. 531, 93 N. E. 37, that an instruction which embodies "inability to enjoy life" invites the jury to consider as an element of damages a condition that is based largely upon pure speculation and uncertainty. Such an instruction was accordingly disapproved. Similar instructions have been before the Supreme Court of this state. In the case of *The City of Columbus* v. *Strassner* (1890), 124 Ind. 482, 25 N. E. 65, the court instructed the jury that they could take into consideration in measuring the damages which the complaining party had suffered "any lack of personal enjoyment" occasioned by the injury. As to

the correctness of this instruction, the court said (p. 489) :

"The question of damages, like other legal propositions, should rest upon some substantial basis. The following inquiries, therefore, suggest themselves: What is 'personal enjoyment'? How are we to ascertain to what extent it is possessed by a human being? How can its absence and the cause thereof be demonstrated? If a person for any cause has been deprived of 'personal enjoyment' how are we to go about adjusting his loss upon a money basis? These questions seem to be pertinent, but unanswerable, and suggest an insuperable difficulty to the measurement of damages because of loss of 'personal enjoyment.' "

Again in the case of *Indianapolis Street Railway Company* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978, the court instructed that the injured party was entitled to a just compensation for "being deprived of freedom of action and social meeting and intercourse with friends." In discussing the correctness of this element, the court said (p. 248) :

"Unhappiness resulting from impaired freedom of action, and from being deprived of social intercourse with friends, without special plea or proof, cannot be held to have their origin or inception in the physical injury, but will be presumed to have flowed from contemplation, or brooding over the bodily hurt. Such damages rest, not upon the bodily injury, but wholly upon sentiment, and the mental characteristics of the particular plaintiff. They carry us into a field of hopeless uncertainty. If allowed for the causes specified, then why not for being deprived of the church, the dance, the theater, and the like? And by what rule of observation, experience, or money standard shall the courts be guided in rendering compensation?"

Inability to enjoy life, unhappiness resulting from impaired freedom of action, lack of personal enjoyment, are all intangible things and depend to a great extent upon mental reactions. For such damages there is no

standard of measurement known to the law, and this item should not have been included in the instruction.

The appellee contends that this is a proper element of damages for the jury to consider. The appellee cites the case of *Chicago, etc., R. Co.* v. *Stierwalt* (1928), 87 Ind. App. 478, 153 N. E. 807, in support of his contention and argues that the Appellate Court has in effect reversed its position from that taken in the *South Bend Brick Co.* v. *Goller, supra,* case. It will be noted that in the case last cited the court was not considering the correctness of an instruction given but was commenting generally upon the sufficiency of the evidence to support the verdict of $42,000.00 given to Stierwalt for the loss of both legs. In the discussion of this man's injury, the court says that (p. 496), "Damages are not to be predicated alone upon the amount which appellee could have earned, if he had not been injured. The jury was entitled to take into consideration his personal sufferings, and the fact that he has been deprived of most of the privileges and enjoyments common to men of his class." In this statement this court was merely announcing the proposition that the jury doubtless took into consideration the tremendous handicap which this young laboring man suffered when he sustained the loss of both legs. Evidence was introduced which established this fact.

The jury should not be permitted, however, to attempt to assess damages on a basis which must depend wholly upon sentiment or the mental reactions of a particular plaintiff.

The appellant further contends that the damages in this case are excessive. This assignment calls into question the nature and character of the injuries sustained by the appellee. The evidence discloses that the appellee was a strong able-bodied man, thirty-two years of age, that during the time that he was in the water he was carried south down stream approxi-

mately one hundred feet where he lodged in a tree and from there swam to the edge of the water fifty to one hundred feet, and while swimming, ice hit him on the head and shoulders and that he was struck on the head and arms and that he complained afterwards that his head and back hurt him and that he became nervous and irritable, that his memory became bad and he could not take care of his business. The evidence further discloses that he sustained no broken bones, received no medical attention, was not physically disabled and returned to his work the following day.

The appellee himself did not testify, and the nature and character of his injuries is detailed by witnesses who saw him only infrequently from the time of the accident to the time of the trial.

The jury returned a verdict for $10,000.00 on which judgment was entered. It is impossible for this court to understand what elements the jury considered in arriving at this verdict. In view of the amount of this verdict and in view of the further fact that the instruction on the measure of damages was erroneous, we feel that the jury must have been led to include in such verdict elements of damages not proper for their consideration.

Complaint is made of misconduct of counsel during final argument. Error is also predicated in the giving and refusal of other instructions. But since these errors, if any, may not arise in the retrial of this case, we refrain from discussing them.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Curtis, C. J., not participating.