## MELLENCAMP v. COCKERHAM

[No. 16,092. Filed November 29, 1939. Rehearing denied January 23, 1940.]

*T. H. Montgomery* and *(Jessie B. Fields,* and *Edward P. Elsner,* of counsel) for appellant.

*T. H. Branaman, John M. Lewis* and *(George W. Henley,* of counsel) for appellee.

DUDINE, J.—This is an appeal from a judgment obtained by appellee against appellant in a suit to recover for personal injuries sustained by appellee as the result of being hit by an automobile upon a public highway, which automobile was then and there being operated by appellant.

The issues of fact were formed by a complaint in three paragraphs and an answer in general denial. The cause was submitted to a jury for trial and the jury returned a verdict for the plaintiff in the sum of $7500.00. Judgment was thereafter rendered in accordance with the verdict.

There is but one error assigned upon appeal and that is contended error in overruling a motion for new trial filed by appellant.

The causes for new trial which are set forth in the motion and are discussed in appellant's brief are: (1) the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the damages assessed by the jury are excessive; and (4) contended error in the giving and in refusing to give each of certain instructions.

The following facts are shown by the evidence: appellee, a girl about 14 years of age, and her sister, both of whom lived with their parents in Seymour, Indiana, had planned to walk from their home to a swimming beach on White River, a distance of about two miles northward, via State Road 31. After they had walked several blocks along the highway, they stopped to rest and sat on a cable which had been placed and was being maintained along the East berm of the highway as a traffic guard over and across a fill at that point and in that vicinity. Shortly thereafter, two boys, who were schoolmates of the girls came along in an automobile traveling northward toward the river. As they came by, the girls waved at them and the boys stopped their car about 200 feet north of the place where the girls were resting. The girls got off of the cable with the intention of running up to the automobile and at about the moment when appellee got upon her feet she was struck by an automobile then being driven southward on the highway by appellant.

At the time when appellant's car struck appellee, he was attempting to pass a third automobile which was traveling southward.

There is an eighteen foot concrete slab on the highway at that point. The berm of the highway extends

from the slab to the cable which runs parallel with the east line of the slab and approximately five feet east of it.

In support of each of the assigned causes for new trial, that the verdict is not sustained by sufficient evidence and that the verdict is contrary to law, appellant contends that certain facts are shown by uncontradicted evidence and appellant contends further that said facts conclusively establish the ultimate fact that appellee was guilty of contributory negligence.

We deem it unnecessary to determine whether or not each of said contended facts is proven by uncontradicted evidence or to determine whether or not said contended facts, if so proven, conclusively establish the ultimate fact that appellee was guilty of contributory negligence. It is sufficient to say with reference to appellant's said contentions that the evidence, when considered as a whole, does *not* conclusively show that appellee was guilty of contributory negligence. There is evidence in the record, which when considered together with inferences favorable to the verdict is sufficient to sustain a finding that appellee was *not* guilty of contributory negligence. No good purpose would be served in setting out said evidence and discussing such inferences.

Appellee suffered a compound fracture of the right tibia. She was confined in the hospital for 19 weeks. Her right leg is shorter than the left and it will so remain permanently. There is some evidence to the effect that when appellee left the hospital, her doctor told her to throw away her crutches and walk on her injured leg and that appellee refused to follow the doctor's advice; that the shortening of the right leg is the result of her failure to use the leg rather than a result of the injury.

Appellant refers to such evidence and contends, in

support of the cause for new trial that the damages are excessive, that "it is evident that in awarding damages of $7500 in this case the jury either allowed damages for the aggravation of appellee's injury through her own fault, or they were influenced by prejudice or partialty."

The question, whether the shortening of the leg was a result of the original injury or whether that was due to appellee's unreasonable refusal to obey the instruction of her doctor, was a question of fact for the jury to determine. The evidence on that subject is conflicting. There is evidence in the record which shows that on account of pain, appellee could not walk without her crutches. There is evidence in the record which would sustain a finding that the atrophy of the leg is a result of the original injury. The record does not show that the jury was induced by prejudice or partiality. The amount of the verdict is not so large and so much out of proportion with the injury and damages shown that we can say as a matter of law that the verdict is excessive and that the judgment should be reversed for that reason.

Appellant complains of the giving of Instruction No. 15 the pertinent part of which is as follows:

". . . in determining the amount of damages which she shall recover it is proper for you to consider every phase of her injury as alleged in the complaint and which has been established by a preponderance of all the evidence in the case, the nature and character of her injury, whether permanent or temporary, any physical pain or mental suffering which she has endured or which she may endure in the future if she is not yet cured, any deformity to her person, any interference with her capacity to walk normally or to stand upon her feet normally, and any discomfort, annoyance, or inconvenience which you find

proved by a preponderance of all the evidence and as charged in the complaint.''

Appellant contends that the court told the jury in that instruction that in determining the amount of damages, if any, it was proper for them to consider *"every phase of her injury"* and that such an instruction is contrary to a holding by this court in *Sanitary Can Company* v. *McKinney* (1913), 52 Ind. App. 379, 100 N.E. 785.

It is apparent that the phases of appellee's injury, which the court authorized the jury to consider, are limited to such phases as are ''alleged in the complaint and . . . (have) been established by a preponderance of the evidence.'' The case of *Sanitary Can Company* v. *McKinney, supra,* is not applicable here.

Appellant contends further that said instruction includes ''any discomfort, annoyance or inconvenience'' as proper elements of damage; that if discomfort, annoyance and inconvenience are proper elements of damages they are included in physical pain and mental suffering which the jury was told to take into consideration and therefore the instruction authorized the jury to assess double damages. Appellant cites in support of such contention *Indianapolis Street Railway Company* v. *Ray* (1906), 167 Ind. 236, 78 N.E. 978; *Northern Indiana Public Service Company* v. *Robinson* (1939), 106 Ind. App. 210, 18 N. E. (2d) 933; *Neal* v. *Stafford* (1939), 106 Ind. App. 189, 18 N. E. (2d) 960; *South Bend Brick Company* v. *Goller* (1910), 46 Ind. App. 531, 93 N. E. 37; the *City of Columbus* v. *Strassner* (1890), 124 Ind. 482, 25 N. E. 65. We think the instruction in the instant case is distinguishable from the respective instructions on the measure of damages which were criticized and held improper in said cases cited by appellant. Each of said instructions in said cases was held

improper on the ground that each of said instructions authorized the jury to render a verdict based, at least in part, upon pure speculation, i.e. each of said instructions, authorized the jury to consider as an element of damage conditions of the injured party which depended upon his or her mental reactions, for which conditions there is no standard of measurement known to the law. Instruction 15, supra, taken as a whole, does not authorize the assessment of double damages as contended by appellant. We deem it expedient, however, to note that we do not approve this instruction as a model instruction on the measure of damages to be used in cases similar to the instant case.

Appellant complains of the court's refusal to give each of instructions 8, 9 and 17 which were tendered by appellant. Each of said instructions advised the jury in effect as follows: ''You are not to consider whether or not defendant was negligent in the operation of his automobile in any other respect than in driving it off the travelled portion of the highway and into and against plaintiff while she was standing or walking on the berm of the highway.''

The court gave an instruction in which the material allegations of the three paragraphs of complaint were embodied and the court gave another instruction in which he told the jury that the plaintiff was required to prove all of the material allegations of her complaint. Those two instructions sufficiently advised the jury as to the negligent acts of the defendant, if any, they were authorized to consider. *Ball* v. *McPheeters* (1937), 211 Ind. 157, 5 N. E. (2d) 885. The court did not commit error in refusing to give any of said instructions.

Objection is made to three other instructions which were given. We have considered all of the objections

made to said instructions and find that none of them are tenable as a reason for holding any of said instructions improper. None of said instructions are subject to a construction which would be harmful to appellant. No reversible error having been shown, the judgment is affirmed.