## BAKER v. LEIMGRUBER.

[No. 12,810.    Filed June 30, 1927.]

1. TRIAL.—*Instruction that jury should consider certain matters not referred to in the complaint and not supported by evidence was erroneous.*—In an action for personal injuries resulting from defendant's negligence, an instruction that, in fixing the amount of plaintiff's recovery, the jury should consider any, permanent injury to the plaintiff and any diminution of her earning capacity, was erroneous when the complaint contained no allegation of permanent injury and there was no averment that the injuries resulted in a diminution of her earning capacity; such instruction was also erroneous because there was no evidence as to such matters.    p. 325.

2. TRIAL.—*Instructions not applicable to evidence properly refused.*—It is not error to refuse to give requested instructions which are not applicable to the evidence.    p. 325.

From Vanderburgh Superior Court; *Edgar Durre,* Judge.

Action by Antoinette Leimgruber against George W. Baker.    From a judgment for plaintiff, the defendant appeals.    *Reversed.*    By the court in banc.

*Fenton, Steers, Herbst & Klee* and *McGinnis, Waller & McGinnis,* for appellant.

*Travis B. Williams, John W. Spencer, Sr., James F. Ensle* and *John W. Spencer, Jr.,* for appellee.

REMY, J.—Action by appellee against appellant to recover for personal injuries alleged to have been sustained as the result of a collision between an automobile in which appellee was riding with her husband and an automobile parked in a street.    The negligence alleged is that appellant parked his automobile in the street in the nighttime without displaying a rear or tail light. The negligence alleged was admitted by appellant, his defense being that the proximate cause of the collision was the negligence of appellee's husband in the operation of the car in which appellee was riding, on which

issue, the evidence was highly conflicting. Trial resulted in a verdict and judgment for $2,500.

Appellant complains of the action of the court in giving instruction No. 4 tendered by appellee by which the members of the jury were told that in fixing the

1. amount of recovery they should consider any permanent injury to appellee and any diminution of her earning capacity. The objection is, that the instruction authorized the jury to assess damages not alleged in the complaint or proved on the trial. An examination of the complaint reveals that it does not contain any allegation of permanent injury and no averment that the injuries complained of resulted in any diminution of appellee's earning capacity; nor was any evidence introduced to support such allegations, if they had been incorporated in the complaint. Clearly, the instruction is erroneous, being irrelevant to the issues and inapplicable to the evidence. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238, and cases cited. The verdict is for a substantial sum, and is complained of by appellant as excessive. The giving of the instruction was reversible error.

It is also urged by appellant that the court erred in refusing to give appellant's tendered instructions 8 and

2. 9, by which it was sought to have the court instruct the jury as to the statutes of this state relating to the speed of automobiles and as to the displaying of lights. These instructions were not so drawn as to be applicable to the evidence, and were, therefore, properly refused.

Questions presented by appellant as to the admission and exclusion of evidence have not been considered in this opinion for the reason that they are of such a nature as are not likely to arise on a retrial.

Reversed.