CONDER ET AL. *v.* ROWLEY ET AL.

[No. 16,595. Filed May 27, 1941.]

*Linton A. Cox, William D. Bain,* and *Thomas Harvey Cox,* all of Indianapolis, for appellants.

*Seth Ward,* of Indianapolis, for appellee.

FLANAGAN, J.—This action was instituted by appellee to recover damages arising out of the alleged negligence of appellant Kate Conder, as owner, and appellant Croel Conder, as manager of a business building in the city of Indianapolis.

The complaint alleges that to the rear of the building in question, and in a public alley, was located the opening to a coal chute connected with the building; that appellants failed to properly and sufficiently guard the opening; and that appellee stepped into it and was injured.

There was a trial by jury and a verdict returned in favor of appellee for $1,400.00. The court overruled appellants' motion for a new trial and this action is assigned as error on appeal.

The specifications in appellants' motion for a new trial relied upon for reversal are: (1) That the verdict is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the court erred in giving and refusing to give certain instructions; and (4) that the damages are excessive.

Under their first two specifications, appellants contend that there is a fatal variance between the proof and the theory of the complaint; that the evidence conclusively shows that the opening to the coal chute was located in the public alley, while the theory of the complaint is that it was located upon private property.

It is not necessary for us to consider, whether or not such a variance would amount to a departure from the theory of the complaint, for we are of the opinion that the allegations of the complaint proceed upon the theory that the opening was located in the public alley. The complaint alleges that when he was injured, appellee was in the alley and that the opening was "flush to the pavement of said alley and *adjacent* to and used in connection with said property."

Appellants complain of the trial court's refusal to give their tendered instructions numbered 6, 7, 8, 9, 10, and 11. These instructions are all based on the theory that the injuries were sustained on private property. Appellants do not waive these specifications of error, but concede that they are not applicable to the evidence; and if not made proper by their theory of the complaint, they were properly refused. They are not applicable to the issues or the evidence and were properly refused.

Appellants next complain of instruction number 17 given by the court on its own motion and the only instruction given on measure of damages. This instruction reads as follows:

"If you find for the plaintiff, if you further find from a preponderance of the evidence that the plaintiff sustained injuries as alleged in his complaint, then it will be your duty to assess the damages, if any, that he has thereby sustained; and, in estimating such damages, if any, you may take into consideration every phase of the injury as alleged in the complaint, which you find from a preponderance of the evidence the plaintiff has sustained as a direct and proximate result of the defendant's negligence, as charged in the complaint; and in making such estimate, you may take into consideration the character of the plaintiff's injuries, if any, whether temporary or permanent; his physical and mental pain and suffering caused by and arising out of his said injuries, if any; you may also consider any loss he has already sustained as shown by the evidence; and, if you find from the evidence bearing thereon, that he is not yet cured, you may consider any future pain and suffering he may endure, and any loss he may sustain in the future, as reasonably certain to result from his injuries, and his inability to work and earn money, by reason of his said injured condition; all as shown by the evidence, and not otherwise. And from a consideration of such of the elements of damage herein enumerated, as shown by the evidence, you may assess his damages at such sum as will, in your judgment, fairly and adequately compensate him for the injuries received as a proximate result of defendants' negligence, as charged in the complaint, not to exceed the amount demanded in the complaint."

Appellants contend that this instruction authorizes the jury to assess damages for permanent injury and for future impairment of his earning capacity, neither of which elements are alleged in the complaint or proved on trial. Examination of the complaint reveals the

fact that it does not contain any allegation of permanent injury and no averment that the injury complained of resulted or may result in any diminution of appellee's earning capacity other than the loss of ten days work prior to the time the complaint was filed. There is some slight evidence from which the jury might infer some degree of permanent impairment, but no evidence whatsoever of past or possible future impairment of earning capacity other than the ten days loss of work as alleged in the complaint.

The rule is well settled that "in a case where the effect of the injury complained of may result in loss of time or interfere with the business, work, trade, or profession of the injured party, thereby resulting in damages to him, such damages are considered as special" damages and must be specifically alleged in the complaint and proved on trial, and that inclusion of an element outside the issues and evidence is not rendered harmless by an instruction that the jury shall confine its consideration to the evidence. *Cleveland, etc., R. Co. v. Case* (1910), 174 Ind. 369, 377, 91 N. E. 238; *Northern Ind. Public Service Co.* v. *Robinson* (1939), 106 Ind. App. 210, 18 N. E. (2d) 933; *Baker* v. *Leimgruber* (1927), 86 Ind. App. 324, 157 N. E. 444.

Appellants also assign as error, that the damages are excessive. Appellee's injuries are described by his physician as a severe sprain to the ligaments that support the left knee joint. His medical bill amounted to $10.00. In view of the nature of the injury and the amount of recovery, we cannot say that the jury was not influenced by the court's instruction to consider an improper element of damage to appellant's detriment.

Judgment reversed ·with instruction to grant appellants' motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 34 N. E. (2d) 162.